IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JEROME E. BUTLER**,

    Plaintiff,

vs.                                              Civ. No. 10-1074 LH/DJS

**WESTERN TECHNOLOGIES, INC.**

    Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Jerome E. Butler's motion to proceed *in forma pauperis*, filed November 12, 2010, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court first notes that Butler failed to sign his application to proceed IFP under oath or under penalty of perjury, as required by 28 U.S.C. § 1915(a)(1). Failure to "fill out the proper forms or to otherwise provide the district court with the

requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Butler's application indicates that he has sufficient income to pay for the necessities of life and for his filing fees. Butler earns $1770/month and also receives $200/month in welfare benefits. *See* Doc. 3 at 2. He has no dependents. *See id.* at 3. He pays $450/month for rent and utilities. Although he states that he spends $300/month for food, it is unclear whether that amount is paid with food stamps from his welfare benefits or cash. Further, the current national monthly average "thrifty food plan" costs for a male in Butler's age group is about $200[1]. Although he does not list an automobile as an asset, he states that he pays $353/month for a car, $140/month for car insurance, and $130/month for "transportation costs." *See id.* at 4. He pays $130/month for DWI fines. *See id.* at 5. The Court concludes that Butler has not shown that, because of his poverty, he cannot pay filing fees and supply himself with the necessities of life. *See Adkins*, 335 U.S. at 339; *Lister*, 408 F.3d at 1313.

**IT IS ORDERED** that Butlers' motion to proceed IFP [Doc. 3] is DENIED, and his Complaint is DISMISSED under § 1915(e)(2)(A) and (B).

---

[1] *See* Official USDA Food Plans, Average for August 2010, located at http://www.cnpp.usda.gov.

_____
SENIOR UNITED STATES DISTRICT JUDGE